## UNITED STATES v. JOHNSON et al.

First Division.   Juneau.   December 8, 1924.

No. 1777–B.

**Post Office ⬌48(6), 44—Indictment and Information—Larceny from a Post Office.**

The indictment against the defendants charges them with stealing post office property. The first count charges the stealing of 15 books, each containing 12 uncanceled two-cent United States postage stamps, etc.; the second count charges them with stealing $29.95 in lawful money, the property of the Post Office Department. On general demurrer, that the indictment does not state facts sufficient to constitute a crime, *held*, that it is not necessary to state the value of the property stolen, if the property has some value; the value is not material, in distinguishing between petit and grand larceny; the substance of the crime is stealing post office property, and the distinction between petit and grand larceny is not material to the validity of the indictment.

The indictment herein contains two counts, each charging the defendants with stealing post office property. The first

count charges the defendants with stealing 15 books, each book containing 12 uncanceled two-cent United States postage stamps, the property of the Post Office Department of the United States; and the second count charges the defendants with stealing $29.95 in lawful money of the United States, the property of the Post Office Department of the United States. To each of these counts the defendants interposed a general demurrer, on the ground that the indictments did not state facts sufficient to constitute a crime.

A. G. Shoup, U. S. Atty., of San Jose, Cal.

Grover C. Winn and Harry F. Morton, both of Juneau, for defendants.

REED, District Judge. Each count of the indictment appears to be laid under section 190, Penal Code of the United States (18 USCA § 313), which provides that "whoever shall steal, purloin, or embezzle any mail bag or other property in use by or belonging to the Post Office Department," of the United States, shall be punished. The indictment follows the statute, and the allegation that stamps and money are property of the Post Office Department would be a matter of proof on trial.

That the indictment does not state the value of the United States postage stamps alleged to be stolen is immaterial, because it is not necessary to state the value of the property stolen, if the property has some value, and the value of the property does not become material in distinguishing whether the crime should be petit larceny or grand larceny. The substance of the crime in this instance is stealing post office property, and the distinction between petit and grand larceny is not material to the validity of the indictment.

The demurrer is therefore overruled.